SEPEHR DAGHIGHIAN, State Bar No. 239349
NATHAN TALEI, State Bar No. 281498
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone:   (310) 887-1333
Facsimile:   (310) 887-1334
E-mail:       sepehr@daghighian.com
              nathan@daghighian.com

Attorneys for Plaintiff:
**SOLAR SUN RINGS, INC.**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLAR SUN RINGS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECARD POOLS, a California Corporation, individually and doing business as SECARD POOLS/SPAS; JOE SECARD, an individual; EDMUND SECARD, an individual; SPLASH-A-ROUND POOLS, a business entity form unknown; DARIN GIBSON, an individual; SUN WHOLESALE SUPPLY, INC., a Florida Corporation; PINCH A PENNY, INC., a Florida Corporation; POOL SUPPLY UNLIMITED, a business entity form unknown; WAYFAIR, LLC, a Delaware Limited Liability Company; IN THE SWIM, an Illinois Corporation, individually and doing business as SAVEONPOOLSUPLIES.COM; POOLCENTER.COM, INC., a Virginia Corporation; OVERSTOCK.COM, a Utah Corporation; WAL-MART STORES, INC., a Delaware Corporation; THE HOME DEPOT, INC., a Delaware Corporation; | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>(1)**Federal Trademark Infringement (15 U.S.C. § 1114(1)/Lanham Act § 32(a));**<br>(2)**Federal Trade Dress Infringement (15 U.S.C. § 1125(a));**<br>(3)**False Designation Of Origin/False Advertising/Unfair Competition (15 U.S.C. § 1125(a)(1)(A);**<br>(4)**Federal Trademark Dilution (15 U.S.C. § 1125(c));**<br>(5)**Trademark Infringement and Unfair Competition (Common Law and California State Law); and**<br>(6)**Unfair Business Practices (California Business & Professions Code § 17200).**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

SEARS HOLDINGS
CORPORATION, a Delaware
Corporation, individually and doing
business as KMART and as SEARS;
LOWES COMPANIES, INC., a
North Carolina Corporation; and
DOES  1 through 50, inclusive,

Defendants.

Plaintiff, Solar Sun Rings, Inc., a California Corporation (hereinafter, "**SSR**" or "**Plaintiff**"), files this Complaint for Damages and Injunctive Relief against defendants Secard Pools, a California Corporation, individually and doing business as Secard Pools/Spas (hereinafter, "**Secard Pools**"), Joe Secard, an individual, Edmund Secard, an individual (collectively, "**Messrs. Secard**"), Splash-A-Round Pools, a business entity form unknown (hereinafter, "**Splash-A-Round**"), Darin Gibson, an individual (hereinafter, "**Mr. Gibson**"), Sun Wholesale Supply, Inc., a Florida Corporation (hereinafter, "**Sun Wholesale**"), Pinch A Penny, Inc., a Florida Corporation (hereinafter, "**Pinch A Penny**"), Pool Supply Unlimited, a business entity form unknown (hereinafter, "**Pool Supply Unlimited**"), Wayfair, LLC, a Delaware Limited Liability Company (hereinafter, "**Wayfair**"), In The Swim, an Illinois Corporation, individually and doing business as SaveOnPoolSuplies.com (hereinafter, "**In The Swim**"), Poolcenter.com, Inc., a Virginia Corporation (hereinafter, "**Poolcenter**"), Overstock.om, a Utah Corporation (hereinafter, "**Overstock**"), Wal-Mart Stores, Inc., a Delaware Corporation (hereinafter, "**Wal-Mart**"), The Home Depot, Inc., a Delaware Corporation (hereinafter, "**Home Depot**"), Sears Holdings Corporation, a Delaware Corporation, individually and doing business as Kmart and as Sears (hereinafter, "**Sears**"), Lowes Companies, Inc., a North Carolina Corporation (hereinafter, "**Lowes**"), and Does  1 through 50, inclusive (Defendants Secard Pools, Messrs. Secard, Splash-A-Round, Mr. Gibson, Sun Wholesale, Pinch A Penny, Pool Supply Unlimited, Wayfair, In The Swim,

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

Poolcenter, Overstock, Wal-Mart, Home Depot, Sears, Lowes, and Does 1 through 50 shall hereinafter each be referred to as a "**Defendant**", and collectively as the "**Defendants**"), and demanding a trial by jury, avers as follows:

## NATURE OF ACTION

1.     This action arises out of Defendants' unlawful attempt to manufacture, distribute, offer for sale, and sell passive solar heating products for pools and spas that trade on, misappropriate, and copy SSR'S famous and immediately recognizable brand, trademarks, color scheme, and packaging.

2.     Defendants Secard Pools and Messrs. Secard are in the business of making, distributing, offering for sale, and selling solar heating products for pools that are designed to copy SSR'S immediately recognizable products.

3.     Upon information and belief, Defendants Secard Pools and Messrs. Secard make, distribute, offer to sell, and sell passive solar heating products for pools under the name, "SOLAR HEAT SQUARES," which is a colorable imitation of, and likely to cause confusion with, SSR'S famous trademarks, including without limitation "SOLAR SUN RINGS" (USPTO Registration Number 3,184,473), and "SOLAR SUN SQUARES" (USPTO Application Serial Number 85-938,556).

4.     In fact, Defendants Secard Pools and Messrs. Secard's products include a sticker on the front of their products which indicate the confusingly similar mark "SOLAR HEAT SQUARES"; however, upon submersion into water, the stickers dissolve and remove, and thereafter display "SOLAR SUN SQUARES™" despite the fact that the "SOLAR SUN SQUARES" mark is the property of SSR, and SSR has in no way authorized Defendants to use this mark.

5.     Worse yet, the disclaimer on the back of Defendants' "SOLAR HEAT SQUARES" products (which is copied verbatim from SSR'S products and displayed in the same red font) plainly display "SOLAR SUN SQUARES™", again, despite the fact that the "SOLAR SUN SQUARES" mark is the property of SSR, and SSR has in no way authorized Defendants to use this mark.

- 2 -
**COMPLAINT**

6.     Moreover, Defendants Secard Pools and Messrs. Secard unlawfully utilize SSR'S distinct red, yellow, orange, and blue color scheme on all such products, including SSR'S distinct dot-matrix style of color printing and color-shading, thereby causing confusion in the marketplace as to the source of such goods.

7.     The remaining Defendants, Splash-A-Round, Mr. Gibson, Sun Wholesale, Pinch A Penny, Pool Supply Unlimited, Wayfair, In The Swim, Poolcenter, Overstock, Wal-Mart, Home Depot, Sears, and Lowes, are retailers that offer Secard Pools and Messrs. Secard's "SOLAR HEAT SQUARES" products for sale and distribution to the public at-large.

8.     SSR had demanded that Defendants cease all such activities; however, Defendants continue to manufacture, distribute, offer to sell, and sell such infringing products.

9.     Consequently, SSR files this action seeking, *inter alia*, injunctive relief, an accounting and award of Defendants' profits flowing from their infringing activities, which amount should be trebled, pre-judgment interest, attorneys' fees and costs of suit incurred herein, and any other relief that this honorable Court deems just and proper.

## JURISDICTION AND VENUE

10.     This is a civil action for infringement of a registered federal trademark pursuant to Section 32 of the Lanham Act, including 15 U.S.C. § 1114, federal trade dress infringement and false designation of origin/false advertising/unfair competition pursuant to 15 U.S.C. § 1125, trademark dilution pursuant to 15 U.S.C. § 1125, and related California State Law and Common Law claims, including trademark infringement, unfair competition, and unfair business practices pursuant to California Business and Professions Code § 17200.

11.     As such, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)-(b).

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 3 -

12.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants conduct business activities within this District, and a substantial part of the events giving rise to the causes of action occurred in this District.

## THE PARTIES

14.     Plaintiff is a corporation organized and existing under the laws of the State of California.

15.     Upon information and belief, Defendant Secard Pools is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9292 Ninth Street, Rancho Cucamonga, California 91730.

16.     Upon information and belief, Defendant Joe Secard is an individual residing in this Judicial District, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District, including the manufacture, distribution, offering for sale, and/sale of products and packaging.

17.     Upon information and belief, Defendant Edmund Secard is an individual residing in this Judicial District, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District, including the manufacture, distribution, offering for sale, and/sale of products and packaging.

18.     Upon information and belief, Defendants Messrs. Secard are the incorporators, officers, agents, employees, and/or otherwise entirely control the acts of Defendant Secard Pools, and are directly responsible for its unlawful actions as complained of herein.

19.     Upon information and belief, Defendant Splash-A-Round is a business

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 4 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

entity form unknown, with its principal place of business located at 9292 Ninth Street, Rancho Cucamonga, California 91730, and operates the website: www.splasharoundpools.com.

20.     Upon information and belief, Defendant Mr. Gibson is an individual residing in this Judicial District, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

21.     Upon information and belief, Defendant Mr. Gibson owned, operated, and/or otherwise entirely controlled the acts of Defendant Splash-A-Round, and is directly responsible for its unlawful actions as complained of herein.

22.     Upon information and belief, Defendant Sun Wholesale is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 6385 150th Avenue N, Clearwater, Florida 33760, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

23.     Upon information and belief, Defendant Pinch A Penny is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 6385 150th Avenue N, Clearwater, Florida 33760, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

24.     Upon information and belief, Defendant Pool Supply Unlimited is a business entity form unknown, with its principal place of business located at 1426 East Spruce Street, Ontario, California 91761 and operates the website: www.poolsupplyunlimited.com.

25.     Upon information and belief, Defendant Wayfair is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 4 Copley Place, Floor 7, Boston, Massachusetts 02116, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

**COMPLAINT**

26.     Upon information and belief, Defendant In The Swim is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 320 Industrial Drive West, Chicago, Illinois 60185, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

27.     Upon information and belief, Defendant Poolcenter is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 320 Industrial Drive West, Chicago, Illinois 60185, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

28.     Upon information and belief, Defendant Overstock is a corporation organized and existing under the laws of the State of Utah, with its principal place of business located at 6350 South 3000 East, Salt Lake City, Utah 84121, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

29.     Upon information and belief, Defendant Wal-Mart is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 702 Southwest 8th Street, Bentonville, Arkansas 72716, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

30.     Upon information and belief, Defendant Home Depot is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

31.     Upon information and belief, Defendant Sears is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179,

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

32.     Upon information and belief, Defendant Lowes is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117, and has at all times relevant herein continuously and systematically conducted and transacted business in this Judicial District.

33.     Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 50 inclusive (hereinafter, the "**Doe Defendants**"), and therefore has sued them by the foregoing names which are fictitious.

34.     Plaintiff is informed, believes and thereupon alleges that each of the Doe Defendants is in some manner responsible for the events and happenings herein referred to, and caused injury and damages proximately thereby to Plaintiff as herein alleged.

35.     Plaintiff asks that when their true names and capacities are discovered that this Complaint may be amended by inserting their true names and capacities in lieu of said fictitious names, together with proper words to charge them.

36.     All references to any named Defendants shall also refer to said Doe Defendants.

37.     When the true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly.

## FACTS COMMON TO ALL COUNTS

**A.     SSR, its well-known Products, Business, and Exclusive Use of its Distinct Color Scheme, and the SOLAR SUN RINGS and SOLAR SUN SQUARES Trademarks**

38.     This action is brought to obtain equitable and legal relief for Defendants' infringement of Plaintiff's registered trademark, and Defendants' infringement of Plaintiff's common law trademark and trade dress.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

39.   SSR is a small family owned business located in Temecula, California that independently researches, develops, manufactures, and distributes high-quality and innovative pool and spa covers throughout the United States.

40.   SSR invests heavily in the branding, development, and protection of its innovative pool and spa cover technologies, including its passive solar hearing products.

41.   Through great effort, expense, and time, SSR has become the premier manufacturer, distributor, and seller of passive solar heating products for pools and spas.

42.   As a result of these efforts, SSR has become widely recognized by the industry and consumers at-large as the preeminent manufacturer and retailer of high-quality passive solar heating products for pools and spas, and has created and owns valuable intellectual property in the form of trademarks, patents, and trade dress.

43.   Since at least 2004, SSR has been engaged in the development and sale of passive solar heating products, distinctly identified by its registered and common law trademarks and trade dress.

44.   In particular, since at least 2004, SSR has exclusively used and owned the trademark and trade name, SOLAR SUN RINGS, in and throughout the United States.

45.   SOLAR SUN RINGS is the subject of U.S. Trademark Registration Number 3,184,473, having a Registration Date of December 12, 2006, and a Date of First Use of December 1, 2004.  SSR is the sole owner of all right, title, and interest in and to the SOLAR SUN RINGS trademark through an assignment from Mr. Richard Rosene and Mrs. Lora Rosene, the owners, officers, and agents of SSR.  A true and correct copy of Trademark Registration Number 3,184,473 for the mark SOLAR SUN RINGS is attached hereto as **Exhibit "A"**.

46.   SOLAR SUN RINGS is an extraordinarily famous mark in the pool

- 8 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

and spa industry, has become synonymous with SSR, and exclusively serves to designate SSR'S products.

47.    In addition to its use of the SOLAR SUN RINGS trademark, SSR also owns all rights and to several common law trademarks.

48.    Specifically, for approximately ten (10) years SSR has been using a red, yellow, orange color scheme for its lettering and logo, depicting this color scheme against the distinct blue backdrop of SSR'S products, and has displayed this color scheme using a distinct and unique dot-matrix style of color printing and color shading (hereinafter, the "**Color Scheme**").  A photograph of the SSR logo and Color Scheme is attached hereto as **Exhibit "B"**.

49.    The Color Scheme (red, yellow, and orange lettering against the distinct blue backdrop of SSR'S products, and the dot-matrix style of printing and color shading), is unique, non-functional, distinctive, and serves to exclusively identify SSR as the source of the products.

50.    Furthermore, in March of 2014, SSR introduced its SOLAR SUN SQUARES line of products, which includes pool and spa covers.

51.    The SOLAR SUN SQUARES trademark is the subject of a trademark application filed on May 11, 2013 and currently pending before the United States Patent and Trademark Office, having Serial Number 85-938,556 and was filed on May 21, 2013.

52.    The SOLAR SUN SQUARES products have been sold by SRR and its retailers since March of 2014.

53.    SOLAR SUN SQUARES, which is a similar trademark to the famous SOLAR SUN RINGS trademark, piggy-backs on the years of success and name-recognition that Plaintiff enjoys with respect to its famous brand.

54.    Since adopting its SOLAR SUN RINGS Registered mark, the Color Scheme, a Common Law trade dress, and the Common Law mark SOLAR SUN RINGS, SSR has continuously promoted and used its registered and common law

- 9 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

trademarks throughout the United States in interstate commerce.

55.     SSR is a recognized leader in the field of passive pool and spa heating products and covers.

56.     SSR'S products, renowned for their high quality, are sold through SSR'S own website, its related international websites, as well as various other prominent retailers such as Amazon.com, Lesliespool.com, Poolproducts.com, Smarthome.com, and others.  Further causing confusion in the marketplace, several of the retailers selling SSR'S products, including Defendants In The Swim, Poolcenter, Wayfair, and Pinch A Penny, also sell Secard's infringing products.

57.     All of SSR'S SOLAR SUN RINGS products are sold in packaging that prominently displays the SOLAR SUN RINGS trademark, and the Color Scheme trade dress.

58.     Similarly, all of SSR'S SOLAR SUN SQUARES products are sold in packaging that prominently displays the SOLAR SUN SQUARES trademark, and the Color Scheme trade dress.

59.     Nearly Thirty Million Dollars of passive solar heating products have been sold under these marks and the Color Scheme trade dress.

60.     In addition to appearing on all of SSR'S SOLAR SUN RINGS products, both the SOLAR SUN RINGS trademark and the Color Scheme are used on collateral packaging including displays, labels, stickers, and tags.

61.     The SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, in conjunction with the Color Scheme, are also prominently featured in advertisements that appear in internationally distributed materials.

62.     SSR has spent substantial sums advertisements that feature the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and the Color Scheme, and continues to spend considerable amounts of money annually on such advertisements.

63.     In addition to SSR'S own displays and advertising efforts, the SOLAR

SUN RINGS and SOLAR SUN SQUARES trademarks, in conjunction with the Color Scheme, are featured in the sale of all SSR products on third-party websites and retailers.

64.     Moreover, the SOLAR SUN RINGS trademark has become incontestable pursuant to Section 15 of the Lanham Act, codified as 15 U.S.C. § 1065, and serves as conclusive evidence of SSR'S ownership of this mark, and of SSR'S exclusive right to use this mark in commerce on or in connection with all of the goods identified in the registration (i.e., "floating solar heaters for pools"), as provided by Section 33(b) of the Lanham Act, codified as  15 U.S.C. § 1115(b).

65.     Approximately, for the past ten (10) years, sales of SSR'S products, and usage by SSR of the Color Scheme and SOLAR SUN RINGS mark, have been extensive and continuous.

66.     Over these past ten (10) years, SSR has spent considerable amounts of money on advertising and promoting its SOLAR SUN RINGS products, all displaying the SSR Color Scheme.

67.     As a result of the considerable length of time that SSR has been manufacturing these products, SSR'S extensive advertising, and the widespread sale and usage of SSR'S products throughout the United States and abroad, SSR'S passive solar heating products, especially those displaying the Color Scheme and the SOLAR SUN RINGS trademark, have been and are now recognized by consumers of all demographics in the trade as originating from a single source, SSR.

68.     Because of SSR'S exclusive and extensive use of the SOLAR SUN RINGS trademark and the Color Scheme trade dress, these marks, individually and collectively, have acquired enormous value, and have become extremely well-known to the consuming public and industry as exclusively and uniquely identifying SSR as the source of products available under each of SSR'S marks, including SOLAR SUN RINGS and SOLAR SUN SQUARES.

**COMPLAINT**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

69.     The Color Scheme and SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks are vital to SSR'S business and livelihood, and not only represent SSR's products, but SSR'S reputation and standard of quality.

70.     Due to the national public acceptance, overwhelming fame in the industry, and great recognition of products bearing or sold under each of the different SSR trademarks and trade dress, each of these marks has come to represent enormous value to and goodwill of SSR, and has caused merchandise bearing such marks, even goods not produced by SSR, to be in great demand.

71.     The reputation that SSR has built and attached to each of its trademarks and trade dress are also significant in that, even if not clearly identical, could potentially be confusingly similar, thereby amounting to infringement.

72.     To preserve its business reputation, consumer goodwill, and to protect the value of its trademarks and trade dress, SSR maintains strict quality standards of its products, and heavily polices and enforces its intellectual property rights.

73.     SSR will undoubtedly suffer significant irreparable harm if third parties, including the Defendants herein, are allowed to trade off SSR'S reputation and goodwill by selling identical goods bearing confusingly similar trademarks and trade dress.

## B.     Defendants' Wrongful and Infringing Conduct

74.     Because of the success of SSR and its products, as well as the reputation that they have gained, SSR and its products have become targets for nefarious entities and individuals that which to trade off the goodwill, reputation, and fame of SSR, and the considerable time, money, and effort that SSR has spent on establishing its business, products, and trademarks.

75.     Plaintiff is informed, believes, and thereupon alleges that Defendants have, within interstate commerce, been making, distributing, offering for sale, and selling products which have been marked, labeled, and promoted in a confusingly similar and unfair manner.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

COMPLAINT

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

76. Specific Defendants' unlawful actions vary and include manufacturing, distributing, advertising, promoting, and selling identical products as SSR that bear confusingly similar trademarks and trade dress.

77. Upon information and belief, Defendants Secard Pools and Messrs. Secard are in the business of making and distributing pool products, including passive solar heating products.

78. Upon information and belief, Defendants Secard Pools and Messrs. Secard are actively and knowingly engaged in the manufacture, distribution, promotion, and sale of passive solar pool and spa heating covers that are intended to directly copy SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES products.

79. Worse yet, Defendants Secard Pools and Messrs. Secard have adopted a confusingly similar trademark, SOLAR HEAT SQUARES, for similar products, using an identical set and sequence of colors as SSR'S Color Scheme (including SSR'S highly distinct dot-matrix style of color printing and shading), or at the very least a colorable imitation of the Color Scheme.

80. Defendants' SOLAR HEAT SQUARES passive solar hearing products are similar to SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES products, serve the same purposes and functions, travel in the same channels of trade, are marketed to the same group of consumers, and are often found side-by-side in the marketplace.

81. In fact, SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES products and Defendants' SOLAR HEAT SQUARES products are sold by some of the same retailers, including some of the Defendants herein, such as In The Swim, Poolcenter, Wayfair, and Pinch A Penny.

82. Accordingly, Plaintiff is informed, believes, and thereupon alleges that Defendants had unscrupulously usurped SSR'S trademarks and trade dress for their own benefit.

83. Specifically, upon information and belief, Defendants intentionally

- 13 -

**COMPLAINT**

adopted the SOLAR HEAT SQUARES infringing mark in order to trade on and infringe SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and in order to benefit from SSR'S reputation and goodwill.

84.     Tellingly, the front of Defendants' products include a sticker that indicate the confusingly similar mark "SOLAR HEAT SQUARES"; however, upon submersion into water, the sticker dissolves and removes with no further effort, and thereafter displays "SOLAR SUN SQUARES™" despite the fact that the "SOLAR SUN SQUARES" mark is the property of SSR, Defendants have no ownership interest in or to SSR'S "SOLAR SUN SQUARES" mark, and SSR has in no way authorized Defendants to use this mark.

85.     Further, the disclaimer on the back of Defendants' "SOLAR HEAT SQUARES" products plainly displays "SOLAR SUN SQUARES™", again, despite the fact that the "SOLAR SUN SQUARES" mark is the property of SSR, Defendants have no ownership interest in or to SSR'S "SOLAR SUN SQUARES" mark, and SSR has in no way authorized Defendants to use this mark.

86.     In addition to adopting a confusingly similar mark on identical goods that are sold to the same group of customers, Plaintiff is informed, believes, and thereupon alleges that Defendants intentionally adopted an identical set and sequence of colors as SSR'S Color Scheme to trade on and infringe SSR'S trade dress, and in order to benefit from SSR'S reputation and goodwill.

87.     Defendants' use of a confusingly similar mark on identical goods in conjunction with an identical set and sequence of colors as SSR'S Color Scheme closely copies almost every element of SSR'S trademarks and trade dress, including SSR'S highly distinct and unique dot-matrix style of color shading and printing.

88.     Upon information and belief, subsequent to the manufacture, promotion, and offering for sale of SOLAR HEAT SQUARES products that infringe on SSR'S Color Scheme and SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, Defendant Secard Pools and Messrs. Secard contracted

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 14 -

with and sold such products to the remaining Defendants, Splash-A-Round, Mr. Gibson, Sun Wholesale, Pinch A Penny, Pool Supply Unlimited, Wayfair, In The Swim, Poolcenter, Overstock, Wal-Mart, Home Depot, Sears, and Lowes, for the further retail, sale, distribution, promotion, and marketing of all such infringing products.

89.     Because SSR heavily polices its trademark rights, SSR discovered Defendants' unlawful conduct and sought to resolve these claims without need for court intervention.

90.     Accordingly, SSR issued and served letters on Secard identifying their legal rights and demanding that Defendants cease all such infringing activities.

91.     Regrettably, Defendants have ignored SSR'S rights and demand, and continue to manufacture, distribute, offer for sale, and sell SOLAR HEAT SQUARES products that directly infringe SSR'S Color Scheme, and SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, on goods that are identical to those sold by SSR.

92.     By these and other commercial activities, Defendants have violated SSR'S exclusive rights in one or more of its marks, including the Color Scheme, and the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, well after SSR began using its trademarks and trade dress, obtained its registration as alleged above, filed its application as alleged above, and after these marks became famous.

93.     Defendants are direct competitors with SSR, are promoting and selling products within the same small industry, and do not currently have, nor have they ever had, a contractual relationship with SSR authorizing the sale of identical products bearing a confusingly similar trademark or trade dress.

94.     Indeed, upon information and belief, Defendants have knowledge of, were and are fully aware of Plaintiff's ownership of the trademarks and trade trades, and of the fame in such marks, prior to the actions as alleged herein, and have thereby adopted and used the SOLAR HEAT SQUARES mark and identical

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 15 -

color scheme in bad faith, and with the intent to cause confusion as to the source of such goods and to dilute the same.

95.     As a matter of law, Defendants are deemed to have constructive notice of SSR'S rights in the SOLAR SUN RINGS trademark by virtue of the federal registration for such marks.

96.     Further, Defendants have constructive notice of SSR'S rights in the SOLAR SUN SQUARES trademark because their trademark application has been publically available on the USPTO trademark database since its filing in May of 2013.

97.     Unquestionably, after receiving SSR'S cease and desist letters, Defendants were fully aware of SSR'S ownership of all such trademarks, and trade dress, and the fame acquired by such marks.

98.     Given that SSR and Defendants sell identical goods, within the same small industry, are direct competitors, and distribute their products through the same channels of trade, Defendants were and are, as a matter of act, on notice of SSR'S trademarks and trade dress, before adopting marks, a trade dress, and related packing used to highly identical goods.

99.     Consequently, Plaintiff is informed, believes, and thereupon alleges that Defendants adoption of the SOLAR HEAT SQUARES mark and identical set and sequence of colors was not accidental or innocent.

100.    Rather, Plaintiff is informed, believes, and thereupon alleges that Defendants committed these acts with a purpose to deceive the consuming public, the industry, and the public at-large as to the source, sponsorship and/or affiliation or Defendants, and/or Defendants' goods.

101.    In fact, Defendants' goods include SSR'S "SOLAR SUN SQUARES" mark on the front and back of Defendants' infringing products, as described above.

102.    By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill and reputation.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

103.   Defendants' unlawful actions unfairly and unlawfully wrest control from SSR over its trademarks, trade dress, and reputation.

104.   In committing these acts, Defendants have, *inter alia*, willfully and in bad faith committed the following acts which have and will continue to cause irreparable harm to SSR, including without limitation: (i) infringed and diluted SSR'S rights in the Color Scheme and the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks; (ii) misled the public into believing that there is an association with or connection between Defendants and SSR; (iii) used false designations of origin on or in connection with Defendants' goods; (iv) committed unfair competition; and (v) unfairly profited from such activities.

105.   Defendants' unlawful conduct as complained of herein has caused irreparable harm to SSR, and will continue to cause such harm unless enjoined and permanently restrained by the Court.

106.   SSR has no adequate remedy at law.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:
## INFRINGEMENT OF A REGISTERED TRADEMARK
### (15 U.S.C. § 1114(1)/Lanham Act § 32(a))

107.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

108.   As its first ground for relief, SSR alleges that Defendants have infringed its registered trademark, SOLAR SUN RINGS (Reg. No. 3,184,473), pursuant to 15 U.S.C. § 1114(1)(a).

109.   SSR is the sole owner of all right, title, and interest in and to the SOLAR SUN RINGS trademark (**Exhibit "A"**), and therefore has standing to initiate and maintain an action for trademark infringement pursuant to 15 U.S.C. § 1114(1)(a).

110.   Defendants have used and are continuing to use the SOLAR HEAT SQUARES trademark, which is a colorable imitation of, or at the very least, likely

- 17 -

to cause confusion with, the SOLAR SUN RINGS trademark on products that are identical to those sold by SSR.

111. The similarity in the overall commercial impression between SOLAR SUN RINGS and SOLAR HEAT SQUARES is unmistakable: the marks look the same, sound entirely similar, are worded similarly, have the same positioning, and have highly similar if not identical meanings.

112. The products offered by Defendants and SSR are virtually identical.

113. The SOLAR SUN RINGS mark has been in use for over ten (10) years, has gained incontestable status through years of advertising, sales, and extensive promotional and sales efforts.

114. SSR'S products and Defendants' goods bearing the SOLAR HEAT SQUARES mark are sold through some of the same retailers, offered to the same group of customers, and are found side-by-side in the marketplace.

115. Defendants' egregious and intentional use, and/or colorable simulation, of the industry-standard and famous SOLAR SUN RINGS trademark in connection with goods identical to those sold by SSR under its federally-registered trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and potential customers and the public as to the source and sponsorship of Defendants' goods.

116. Customers are likely to be misled into believing that Defendants are selling products that are manufactured by, licensed from, sponsored by, approved by, or otherwise associated with SSR, or that Defendants are selling genuine SSR products.

117. As such, Plaintiff is informed, believes, and thereupon alleges that Defendants intentionally and knowingly used in commerce copies and/or colorable imitations of SSR'S registered trademark in connection with the manufacture, distribution, advertisement, promotion, offering for sale, and sale of identical products.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 18 -

118.   Therefore, Plaintiff is informed, believes, and thereupon alleges that Defendants' use of an imitation of the SOLAR SUN RINGS trademark was and is willful and in bad faith, and was done with full knowledge of the goodwill and reputation associated with the SOLAR SUN RINGS trademark, and with full knowledge that Defendants had and have no right, license, or authority to use the SOLAR SUN RINGS trademark or any other mark confusingly similar thereto.

119.   Defendants' infringement of SSR'S trademark as alleged herein has caused, and unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to SSR'S business, reputation, and goodwill for which SSR is without an adequate remedy at law.

120.   SSR is therefore entitled to injunctive relief as set forth herein and below.

121.   Additionally, as a direct and proximate result of Defendants' trademark infringement, SSR has suffered and is continuing to suffer injury, loss, and damages in an amount according to proof, and is therefore entitled to recover from Defendants monetary damages, costs, and attorneys' fees as set forth below.

122.   Defendants' continued and knowing use and adoption of a colorable imitation of SSR'S trademark, and/or a mark that is likely to cause confusion with SSR'S trademark, constitutes (an) intentional violation(s) of SSR'S federally registered trademarks in violation of Section 32 of the Lanham Act, codified as 15 U.S.C. § 1114(1)(a).

123.   Based on Defendants' conduct, SSR is entitled to injunctive relief, in addition to monetary damages and all other remedies available, pursuant to 15 U.S.C. §§ 1116, 1117, and 1118, including disgorgement of Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees and costs, and pre-judgment interest.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:
## FEDERAL TRADE DRESS INFRINGEMENT

**COMPLAINT**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**(15 U.S.C. § 1125(a))**

124.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

125.   As its second ground for relief, SSR alleges that Defendants have infringed the Color Scheme, the trade dress for SOLAR SUN RINGS and SOLAR SUN SQUARES products, pursuant to 15 U.S.C. § 1125(a).

126.   SSR, as the owner of all common law right, title, and interest in and to the Color Scheme trade tress, has standing to maintain an action for trade dress infringement under the Federal Trademark Statute, Section 43(a) of the Lanham Act, codified as 15 U.S.C. § 1125(a).

127.   The Color Scheme consists of a sequence of several colors (red, yellow, and orange), depicted against the distinct blue backdrop of SSR'S products, and displayed in a highly distinct dot-matrix style of color printing and color shading.

128.   The colors, style of printing, and style of  color shading used by SSR are not functional aspects of any such products, and are not merely products of the materials used.

129.   As such, the Color Scheme is unique, non-functional, distinctive, and serves to exclusively identify SSR as the source of the products.

130.   Furthermore, through great effort, expense, and time, the Color Scheme has acquired extensive distinctiveness, and is identified and associated in the public's mind exclusively with SSR and its high quality products.

131.   The Color Scheme is famous within the industry, highly distinctive of SSR, and is entitled to a broad scope of protection.

132.   Consequently, Defendants' unauthorized manufacture, distribution, offering for sale, and/or sale of identical goods to those sold by SSR under its SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, in conjunction with a trade dress that copies, is intended to copy, and/or is otherwise confusingly

similar to the Color Scheme, is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and potential customers and the public as to the source and sponsorship of Defendants' goods.

133.   Furthermore, Defendants have used and are continuing to use the confusingly similar trade dress on such identical products with full knowledge of SSR'S trademark rights.

134.   SSR issued and served letters on each Defendant identifying their legal rights and demanding that Defendants cease all such infringing activities.

135.   However, Defendants have ignored SSR'S rights and demand, and continue to manufacture, distribute, offer for sale, and sell products that directly infringe the Color Scheme trade dress.

136.   As such, Plaintiff is informed, believes, and thereupon alleges that Defendants had actual notice of the Color Scheme trade dress.

137.   Therefore, Plaintiff is informed, believes, and thereupon alleges that Defendants' infringement is willful and deliberate.

138.   Defendants' egregious and intentional use, and/or colorable simulation, of the industry-standard and famous Color Scheme trade dress in connection with goods identical to those sold by SSR is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and potential customers and the public as to the source and sponsorship of Defendants' goods.

139.   Customers are likely to be misled into believing that Defendants are selling products that are manufactured by, licensed from, sponsored by, approved by, or otherwise associated with SSR, or that Defendants are selling genuine SSR products.

140.   As such, Plaintiff is informed, believes, and thereupon alleges that Defendants intentionally and knowingly used in commerce copies and/or colorable imitations of SSR'S Color Scheme trade dress in connection with the manufacture,

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

distribution, advertisement, promotion, offering for sale, and sale of identical products.

141.   Therefore, Plaintiff is informed, believes, and thereupon alleges that Defendants' use of an imitation of the Color Scheme trade dress was and is willful and in bad faith, and was done with full knowledge of the goodwill and reputation associated with the Color Scheme trade dress, and with full knowledge that Defendants had and have no right, license, or authority to use the Color Scheme trade dress or any other trade dress confusingly similar thereto.

142.   Defendants' infringement of the Color Scheme trade dress as alleged herein has caused, and unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to SSR'S business, reputation, and goodwill for which SSR is without an adequate remedy at law.

143.   SSR is therefore entitled to injunctive relief as set forth herein.

144.   Additionally, as a direct and proximate result of Defendants' trademark infringement, SSR has suffered and is continuing to suffer injury, loss, and damages in an amount according to proof, and is therefore entitled to recover from Defendants monetary damages, costs, and attorneys' fees as set forth below.

145.   Defendants' acts are intended to reap the benefit of the goodwill that SSR has created in the Color Scheme trade dress.

146.   Therefore, Defendants' continued and knowing use and adoption of a colorable imitation of Color Scheme trade dress, and/or a set and sequence of colors that are likely to cause confusion with the Color Scheme, constitutes (an) intentional violation(s) of SSR'S Color Scheme trade dress in violation of Section 43(a) of the Lanham Act, codified as 15 U.S.C. § 1125(a).

147.   Based on Defendants' conduct, SSR is entitled to injunctive relief, in addition to monetary damages and all other remedies available, pursuant to 15 U.S.C. §§ 1116, 1117, and 1118, including disgorgement of Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees and costs, and pre-

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

judgment interest.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS:

## FALSE DESIGNATION OF ORIGIN / FALSE ADVERTISING /

## UNFAIR COMPETITION

## (15.S.C. § 1125(a)(1)(A))

148.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

149.   As its third ground for relief, SSR alleges that Defendants have created a false designation of origin, and have profited from false advertising and unfair competition, in violation of Section 43(a) of the Lanham Act, codified as 15 U.S.C. § 1125(a)(1)(A).

150.   SSR, as the owner of all common law right, title, and interest in and to the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress, and therefore has standing to maintain an action for false designation of origin and unfair competition in the Federal Trademark Statute, Section 43(a) of the Lanham Act, codified as 15 U.S.C. § 1125(a)(1)(A).

151.   The SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress are famous within the industry, highly distinct, and are entitled to a broad scope of protection.

152.   The Color Scheme is unique, non-functional, distinctive, and serves to exclusively identify SSR as the source of the products.

153.   Furthermore, through great effort, expense, and time, the Color Scheme has acquired extensive distinctiveness, and is identified and associated in the public's mind exclusively with SSR and its high quality products.

154.   The Color Scheme is famous within the industry, highly distinctive of SSR, and is entitled to a broad scope of protection.

155.   Therefore, SSR's Color Scheme and/or trade dress is/are inherently distinctive and/or have acquired distinctiveness.

156. Further, the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress, individually and especially when used in conjunction with one another, are identified and associated in the public's mind exclusively with SSR.

157. Defendants' unauthorized promotion and sale in interstate commerce of passive pool and spa heating products that are identified by the Color Scheme, in conjunction with confusingly similar trademarks (e.g., Defendants' SOLAR HEAT SQUARES versus SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES), trade dress, and/or trade name constitutes a false designation of origin and/or a false representation of fact, in that it is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and potential customers and the public as to the source and sponsorship of Defendants' goods.

158. In fact, Defendants improperly include SSR'S "SOLAR SUN SQUARES" trademark on the front and back of their products.  As identified above, the front of such products includes a sticker indicating the confusingly similar mark, "SOLAR HEAT SQUARES"; however, this sticker easily removes upon submersion into water and with no further effort.  The back of such products plainly displays SSR'S "SOLAR SUN SQUARES" trademark in the disclaimer, which too is copied from SSR verbatim, and is displayed in the same red font.

159. Upon information and belief, Defendants were on actual and constructive notice of SSR'S exclusive rights in the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress.

160. Defendants falsely and misleadingly advertise, promote, and sell unauthorized pool and spa heating covers that bear colorable imitations of, or confusingly similar, marks and trade dress as those used by SSR.

161. By such sale, Defendants' retail customers would be actually deceived and/or have a tendency to be deceived into believing that Defendants are selling products that are manufactured by, licensed from, sponsored by, approved by, or

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

otherwise associated with SSR, or that Defendants are selling SSR products.

162. Defendants' deception is material in that Defendants will likely influence customers into believing that the advertised SOLAR HEAT SQUARES products bearing a colorable imitation of the Color Scheme were or are manufactured by, and/or originate from, SSR, although they do not.

163. By direct diversion of sales, and the lessening of goodwill associated with its SOLAR SUN RINGS and SOLAR SUN SQUARES products, SSR has been injured as a result of Defendants' false and misleading advertisements, promotions, and sales.

164. Defendants' conduct alleged above violates the Lanham Act.

165. Defendants have unfairly competed with and injured SSR.

166. Unless immediately restrained, Defendants will continue to injure SSR, will cause damage in amount to be proven at trial, and will cause irreparable injury to the goodwill and reputation associated with SSR and SSR's SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and Color Scheme.

167. Upon information and belief, Defendants' conduct has been knowing, deliberate, willful, with an intent to cause confusion, or to cause mistake, or to deceive the public, in blatant disregard of SSR'S rights.

168. Defendants knew, or by the exercise of reasonable care should have known that their adoption and/or use in commerce of a trademark and trade dress that are entirely similar to SSR'S trademarks and trade dress would cause confusion, mistake, or deception among purchasers, users, and the public.

169. Defendants' egregious and intentional use and sale of items bearing a trademark and trade dress that are entirely similar to SSR'S marks and trade dress is likely to cause confusion, mistake, or will deceive, mislead, betray, and defraud customers to believe that the unauthorized products sold by Defendants were genuine SSR products, when they are not.

170. Defendants' continuing and knowing use of a mark and trade dress that

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**COMPLAINT**

are entirely similar to those used by SSR constitutes a false designation of origin, false advertisement, and unfair competition in violation of Section 43(a) of the Lanham Act, as codified by 15 U.S.C. § 1125(a), causing SSR to suffer substantial and irreparable injury for which SSR has no adequate remedy at law.

171.   Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of SSR'S commercial efforts, marketing, advertising, sales, and consumer recognition.

172.   As a direct and proximate result of Defendants' wrongful conduct as alleged herein, SSR has been and will be deprived of sales of its products in an amount presently unknown with specificity, but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets and of the fruits of its own commercial labors, in an amount presently unknown with specificity, but to be determined at trial.

173.   SSR seeks an accounting of Defendants' profits, and respectfully requests that the Court, in its discretion, grant SSR three (3) times that amount.

174.   Based on Defendants' conduct, SSR is entitled to injunctive relief, in addition to monetary damages and all other remedies available, pursuant to the Lanham Act, 15 U.S.C. §§ 1116, 1117, and 1118, including disgorgement of Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees and costs, and pre-judgment interest.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:

## FEDERAL TRADEMARK DILUTION

### (15.S.C. § 1125(c))

175.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

176.   As its fourth ground for relief, SSR alleges that Defendants have performed and are performing wrongful conduct diluting SSR'S trademarks, in violation of 15 U.S.C. § 1125(c).

- 26 -

**COMPLAINT**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

177.   The SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress are famous in the industry and are entirely distinct and/or have acquired distinctiveness, and are widely recognized by the consuming public in connection with SSR.

178.   Upon information and belief, and as alleged herein, Defendants are and have been using a confusingly similar trademark and trade dress in commerce.

179.   Upon information and belief, Defendants' unlawful actions began long after SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks, and the Color Scheme trade dress became famous, and Defendants acted knowingly, deliberately, and willfully with the intent to trade on SSR'S reputation and to dilute SSR'S trademarks, trade name, name, and trade dress.

180.   Upon information and belief, and as alleged herein, Defendants' conduct is and was willful, wanton, and egregious.

181.   Defendants' intentional sale of unauthorized and/or non-genuine passive solar heating products bearing colorable imitations of SSR'S trademarks and trade dress, or confusingly similar trademarks and trade dress, is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the standard imitations are genuine, and/or associated with SSR.

182.   Defendants' unlawful actions as alleged herein have diluted and will continue to dilute SSR'S trademarks and trade dress, and are likely to impair the distinctiveness, strength, and value of SSR'S marks, and have and will continue to injure the business reputation of SSR and its marks.

183.   Defendants' unlawful actions as alleged herein have caused and will continue to cause irreparable harm to SSR.

184.   SSR has no adequate remedy at law to compensate it fully for the damages which Defendants have caused, and will continue to cause, unless Defendants are restrained and enjoined by this Court.

185.   Because Defendants' actions as alleged herein constitute a willful

violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), SSR is entitled to injunctive relief, in addition to monetary damages and all other remedies available, pursuant to 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c) including disgorgement of Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees and costs, and pre-judgment interest.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (Common Law and California State Law)

186.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

187.   As its fifth ground for relief, SSR alleges that Defendants have infringed SSR'S common law trademarks and trade dress, and have profited from unfair competition, in violation of common law and California state law.

188.   Defendants have copied and used marks and trade dress that are identical, or confusingly similar to, SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress, for goods that are related and/or identical to the goods that SSR sells and promotes on its SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress in California.

189.   Defendants' adoption and use of marks and trade dress identical to, or confusingly similar to the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress constitutes intentional appropriation with the intent to cause confusion, mistake, and deception as to the source of Defendants' goods.

190.   Defendants' use of such marks and trade dress is for the willful and calculated purpose of misappropriating SSR'S goodwill and business reputation, and for the purpose of deceiving the public and trade as to the nature and origin of Defendant' products, in violation of SSR'S rights under the common law of the

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

State of California and the California Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*

191.   Defendants were on notice of SSR'S exclusive rights in the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress before adopting their identical and/or confusingly similar marks and trade dress.

192.   Defendants' adoption and use of marks and trade dress that are identical or confusingly similar to SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress are willful, in bad faith, and with full knowledge of SSR'S prior use of, exclusive rights in, and ownership of the SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress, with full knowledge of the reputation and goodwill associated with SSR'S trademarks and trade dress, and with full knowledge that Defendants have no right, license, or authority to use the trademarks or trade dress.

193.   By using or copying the valuable and famous SOLAR SUN RINGS and SOLAR SUN SQUARES trademarks and Color Scheme trade dress, Defendants have been unjustly enriched and SSR has been damaged.

194.   Defendants' conduct has caused and is causing immediate and irreparable injury to SSR, and will continue to damage SSR, unless restrained and enjoined by this Court.

195.   SSR has no adequate remedy at law.

<u>**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**</u>:

**UNFAIR BUSINESS PRACTICES**

**(California Business & Professions Code § 17200)**

196.   SSR repeats and re-alleges each of the foregoing paragraphs above as if fully set forth herein.

197.   As its sixth ground for relief, SSR alleges that Defendants performed and have performed unfair business practices in violation of Cal. Bus. & Prof. Code

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 29 -

§ 17200 *et seq.*

198. By marketing, advertising, promotion, selling, and/or otherwise dealing in the unauthorized manufacture and distribution of passive solar heating products bearing colorable imitations of, or confusingly similar trademarks and trade dress to, SSR'S trademarks and trade dress, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

199. Defendants' marketing, advertising, promotion, selling, and/or otherwise dealing in the unauthorized manufacture and distribution of passive solar heating products bearing colorable imitations of, or confusingly similar trademarks and trade dress to, SSR'S trademarks and trade dress, is in violation and derogation of SSR'S rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damages, and injury to SSR and to the purchasing public.

200. Defendants' conduct was intended to cause such loss, damage, and injury.

201. Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promotion, selling, and/or otherwise dealing in the unauthorized manufacture and distribution of passive solar heating products bearing colorable imitations of, or confusingly similar trademarks and trade dress to, SSR'S trademarks and trade dress would cause confusion mistake or deception among purchasers, users and the public.

202. By marketing, advertising, promotion, selling, and/or otherwise dealing in the unauthorized manufacture and distribution of passive solar heating products bearing colorable imitations of, or confusingly similar trademarks and trade dress to, SSR'S trademarks and trade dress, Defendants intended to and did induce and intend to and will induce customers to purchase its products by trading

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 30 -

off the extensive goodwill built up by SSR'S in its marks.

203.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake, or to disregard, and in disregard of SSR'S rights.

204.   Moreover, Defendants have and continue to unlawfully sell passive solar heating products which infringe SSR'S trademarks and trade dress, despite Defendants' knowledge that these acts are unlawful.

205.   Defendants' wrongful conduct as alleged herein has permitted and will permit Defendants to make substantial sales and profits upon the strength of SSR'S nationwide marketing, advertising, sales, and consumer recognition.

206.   As a direct and proximate result of Defendants' wrongful conduct as alleged herein SSR has been and will be deprived of substantial sales of its products in an amount presently unknown with specificity, but in an amount to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount presently unknown with specificity, but in an amount to be determined at trial.

207.   SSR seeks restitution in this matter, including an Order granting a disgorgement of Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

208.   SSR has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.

209.   As such, SSR seeks injunctive relief.

210.   SSR further requests a Court Order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to SSR.

**COMPLAINT**

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Solar Sun Rings, Inc., a California Corporation (hereinafter, "**SSR**" or "**Plaintiff**"), prays for a judgment against defendants Secard Pools, a California Corporation, individually and doing business as Secard Pools/Spas, Joe Secard, an individual, Edmund Secard, an individual, Splash-A-Round Pools, a business entity form unknown, Darin Gibson, an individual, Sun Wholesale Supply, Inc., a Florida Corporation, Pinch A Penny, Inc., a Florida Corporation, Pool Supply Unlimited, a business entity form unknown, Wayfair, LLC, a Delaware Limited Liability Company, In The Swim, an Illinois Corporation, individually and doing business as SaveOnPoolSuplies.com, Poolcenter.com, Inc., a Virginia Corporation, Overstock.om, a Utah Corporation, Wal-Mart Stores, Inc., a Delaware Corporation, The Home Depot, Inc., a Delaware Corporation, Sears Holdings Corporation, a Delaware Corporation, individually and doing business as Kmart and as Sears, Lowes Companies, Inc., a North Carolina Corporation, and Does   1 through 50, inclusive (each a "**Defendant**", and collectively the "**Defendants**"), and each of them, as follows:

(1)   That a permanent injunction be issued enjoining Defendants individually and collectively, and any of their agents, officers, representatives, directors, privies, licensees, attorneys, servants, employees, affiliates, successors, and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of the Defendants, from:

   a.   imitating, copying, or making unauthorized use of any of SSR'S trademarks and/or trade dress, including without limitation SOLAR SUN RINGS, SOLAR SUN SQUARES, and the Color Scheme, or any variation, simulation, or colorable imitations thereof, or any other trademarks or trade dress owned by SSR;

   b.   importing, manufacturing, producing, using, distributing, circulating,

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

advertising, selling, offering for sale, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of SSR'S trademarks and/or trade dress, including without limitation SOLAR SUN RINGS, SOLAR SUN SQUARES, and the Color Scheme, or any other indicia associated with SSR, or infringing or inducing infringement SSR'S trademarks and/or trade dress;

c. using any simulation, reproduction, counterfeit, copy, or colorable imitation of any SSR trademarks and/or trade dress, including without limitation SOLAR SUN RINGS, SOLAR SUN SQUARES, and the Color Scheme, and/or any mark or trade dress confusingly similar thereto, or in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product;

d. using any false designation of origin or false deception, including without limitation any letters or symbols, or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendants are associated with SSR or that any product imported, manufactured, distributed, advertised, displayed, promoted, offered for sale, or sold by Defendants is in any manner associated or connected with SSR, is a product of SSR, or is authorized, licensed, sponsored, or otherwise approved by SSR;

e. transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing trademarks or trade dress that are confusingly similar to the SOLAR SUN RINGS or SOLAR SUN SQUARES trademarks, or the Color Scheme;

f. disposing, destroying, altering, moving, removing, concealing,

**COMPLAINT**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

tampering with, or in any manner secreting any business records, including computer records, of any kind including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, promotion, display, purchase, sale, offer for sale, or distribution of any merchandise bearing marks or trade dress confusingly similar to the SOLAR SUN RINGS or SOLAR SUN SQUARES trademarks, or the Color Scheme;

g. engaging in any other activity constituting unfair competition with SSR, or constituting an infringement of the SOLAR SUN RINGS or SOLAR SUN SQUARES trademarks, or the Color Scheme; and/or

h. instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(2) Directing that Defendants deliver up to SSR'S attorney for destruction of all products, labels, tags, signs, stationary, prints, packages, wrappers, promotional and marketing materials, advertisements, and other materials (a) currently in their possession or under their control, or (b) recalled by Defendants pursuant to any Order of the Court or otherwise incorporation, featuring, or bearing any unauthorized copy or counterfeit of, or confusingly similar to, the SOLAR SUN RINGS or SOLAR SUN SQUARES trademarks, the Color Scheme, or any simulation, reproduction or colorable imitation of any such marks or trade dress, and all other means of making the same, and permitting SSR to destroy such materials without compensation to Defendants.

(3) Directing that Defendants make available to SSR for review, inspection and copying, all books, records (including all hard drives on computers used for business purposes, and servers, as well as all computer discs and backup

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

discs) and other documents concerning all transactions relating to the importation, promotion, advertising, display, offering for sale, or sale of any product incorporating an unauthorized copy or imitation of, or confusingly similar to, the SOLAR SUN RINGS or SOLAR SUN SQUARES trademarks, the Color Scheme, and provide SSR the names, addresses, and all other contact information in their possession, including telephone and fax numbers for (a) all manufacturers, distributors, and/or suppliers, and (b) all persons or entities to whom Defendants have sold, distributed, or supplied such products.

(4) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufacturer, sold, or otherwise circulated or promoted by Defendants within the United States is authorized by SSR or in any way related to SSR or that Defendants are otherwise affiliated with SSR.

(5) Directing that Defendants file with the Court and serve upon SSR'S counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

(6) Awarding SSR monetary damages for SSR's lost profits in an amount presently unknown; but estimated to be a minimum of $1,000,000;

(7) Awarding SSR monetary damages for corrective advertising in an amount presently unknown; but estimated to be a minimum of $500,000;

(8) Awarding SSR its damages and Defendants' profits arising out of Defendants' trademark and trade dress infringement, unfair competition, and false designation of origin in an amount presently unknown; but estimated to be a minimum of $1,000,000;

(9) Trebling such damages pursuant to 15 U.S.C. § 1117(a)-(b).

(10) Awarding SSR exemplary and punitive damages to deter any further willful

- 35 -

infringement as the Court finds appropriate pursuant to California Civil Code § 3294 *et seq*.

(11)  Awarding SSR its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 285.

(12)  Awarding SSR interest, including pre-judgment interest on the foregoing sums pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 284.

(13)  Awarding SSR such other and further relief as the Court may deem just and proper.

Dated: November 21, 2014

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Solar Sun Rings, Inc.

**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

        Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all

3

issues raised by this Complaint which are triable by jury.

4

5

Dated: November 21, 2014

6

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

7

8

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Solar Sun Rings, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**COMPLAINT**