UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order DENYING Cross-Motions for Summary Judgment and DENYING Motion to Strike Expert Designations

Before the Court are the parties' cross-motions for summary judgment and Counterclaim-Defendants Solar Sun Rings, Inc., Lora Rosene, Richard Rosene, and David Bartoli's ("SSR") "motion to strike expert designations, expert reports, and expert testimony by Secard Pools' experts Derek Downey and Stacy A. Kinsel." Dkts. # 108, 111, 106. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing and reply papers, the Court DENIES the motions.

I.      Background

The parties are competing producers of heated pool covers. Their dispute originated with SSR's various claims for trademark infringement against Secard Pools, Inc. ("Secard"). On March 6, 2015 Secard filed a first amended counterclaim against SSR, asserting claims for False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); Unfair Competition under Cal. Bus. & Prof. Code § 17200; and False Advertising under Cal. Bus. & Prof. Code § 17500. Dkt. # 37. Specifically, Secard asserted that SSR made false or misleading statements on its website and in promotional materials concerning the effect of "mini magnets" used on its products and the water and chemical savings caused by its products. *See id.* Secard also stated that the "coverage calculator" on SSR's website, which advises consumers as to the requisite number of products required to cover an individual pool, deceives consumers into thinking that choosing SSR's products will be cost-effective because it falsely advises consumers to purchase less product than they will eventually need to heat their pools. *See id.*

SSR filed its answer on May 13, 2015. Dkt. # 79. In its answer, SSR admitted the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

- Solar Sun Rings and SSR Officers, by means of the "calculator," make false statements concerning the number of Solar Sun Rings products that should be used to cover consumer pools. Through the use of the "calculator" Solar Sun Rings and SSR Officers are attempting to and actually deceiving customers into buying too few Solar Sun Rings products to heat a pool effectively.

- Once consumers realize that the number of Solar Sun Rings products purchased is inadequate, the consumer, feeling that it has already sunk money into the purchase of rings, may then buy additional rings in the hope that the purchase of additional rings will provide effective heating.

- On http://solarunrings.com/about.html, Solar Sun Rings and SSR Officers state: "Neither water nor pool chemicals can evaporate through the Solar Sun Rings two layers of heavyweight vinyl. You will save water and chemicals about equal to the percentage of the surface covered." That statement is demonstrably false, because if 100% of the pool were covered, that would mean that no water or chemicals would have to be replaced, but water and chemicals do need to be replenished, even for a completely covered pool.

*Id.* ¶¶ 24-26. Despite its admissions, SSR denied the same factual content elsewhere throughout its answer. *See generally id.* SSR did not assert any defenses. *Id.*

Discovery closed six months later, on November 6, 2015. *See* Dkt. # 24. After meeting and conferring pursuant to Local Rule 7-3, the parties filed their motions for summary judgment on November 17, 2015. On December 7, 2015 SSR moved to amend its answer in an effort to change the three admissions above to denials and to add two affirmative defenses. *See* Dkt. # 133. SSR argued that until it saw Secard's motion for summary judgment, SSR was unaware that it had inadvertently admitted the content above. *See* Dkt. # 133. On January 13, 2016, the Court denied SSR's motion on the basis that SSR's carelessness did not constitute the "good cause" necessary to alter the scheduling order under Federal Rule of Civil Procedure 16. *See* Dkt. # 213.

The Court turns now to Secard's motion for summary judgment of liability on its false advertising claims, as well as to SSR's motion for summary judgment of no liability on the same claims. Dkts. # 108, 111. Secard's motion relies primarily on the three admissions mentioned above, as well as the expert testimony of Derek Downey ("Downey") and Stacy A. Kinsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

("Kinsel"). Accordingly, the Court also addresses SSR's motion to "strike" Downey and Kinsel as experts. *See* Dkt. # 106.[1]

II. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuinely disputed and material if it can be reasonably resolved in favor of either party and may affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the non-movant will bear the burden of proof on an issue at trial, the moving party can satisfy its summary judgment burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The non-moving party must then "come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010); *see In re Brazier Forest Prods., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990). "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comm. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citation omitted). Similarly, it is not enough for the non-moving party to "show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must set forth specific evidence showing that there is a genuine issue for trial, and "may not rest upon the mere allegations or denials of his pleading." *Anderson*, 477 U.S. at 256.

On summary judgment, the Court may not weigh conflicting evidence or make credibility determinations. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). It must draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*; *Anderson*, 477 U.S. at 255.

---

[1] SSR's motion in limine No. 2 also seeks to bar Downey and Kinsel from testifying as experts at trial. Dkt. # 142. The Court will address SSR's motion in limine along with the other motions in limine at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

III.  Discussion

     The Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which...in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1).  There are five elements to a false advertising claim under the Lanham Act: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its product.  *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012).  Because the Lanham elements are "substantially congruent" to the elements of Secard's claim under California law, the claims may be "considered together."  *See Int'l Oddities v. Record*, No. CV 12-3934-CAS (VBKx), 2013 WL 3864050 at *13 (C.D. Cal. July 22, 2013).

     Secard contends that it is entitled to summary judgment because SSR admitted to making false statements which actually deceived some of its customers.  SSR contends that the admissions were a clerical error, and are in any event contradicted by other evidence on the record and by the rest of SSR's answer itself.  In resolving the parties' cross-motions for summary judgment, the Court need not resolve that dispute because even if the Court were to deem SSR's admissions binding, Secard must demonstrate each element of its claim at trial.  Here, summary judgment in Secard's favor is not appropriate because regardless of whether Secard has demonstrated that SSR made false statements, there are disputed issues regarding whether SSR's allegedly false statements are material and whether Secard has been or is likely to be injured as a result of those statements.

     To establish injury, Secard provides the expert report of Derek Downey ("Downey"), who opines that 3.33% of SSR customers were deceived by SSR's allegedly false statements and would have purchased Secard's competing product had the false statements not been made.  *See* Dkt. # 11, Ex. K ("Downey Report"), 91.[2]  SSR contends that it is entitled to summary judgment

---

[2] Secard also intends to offer the expert testimony of Stacy A. Kinsel to explain how Downey's estimate of the percentage of influenced customers translates to actual economic injury.  Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

because Downey's testimony is inadmissible and without it, Secard has not provided any evidence to establish actual or likely damage. Dkt. # 108 at 18.[3]

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical or otherwise specialized knowledge will assist the trier of fact to understand the evidence or determine a fact issue," an expert may testify thereto. Fed. R. Civ. P. 702. The proffered expert testimony is only admissible if it is first established that the individual whose testimony is being proffered is an expert in a particular field. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995). The threshold question under Rule 702 is whether the proffered witness "is qualified as an expert by knowledge, skill, experience, training or education." *Henricksen v. ConocoPhillips Co.*, 605 F.Supp. 2d 1142, 1153 (E.D. Wash. 2009). The district court must then assess (1) "whether the reasoning or methodology underlying the testimony is scientifically valid"; and (2) "whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 92-93 (1993).

SSR challenges both Downey's qualifications and methodology. First, Downey has 35 years' experience in the swimming pool industry, primarily selling products to the aftermarket and to existing swimming pool owners in both pool improvements and direct product sales. Dkt. # 139-1, *Declaration of Derek Downey* ["Downey Decl."] ¶ 2. SSR contends that Downey is unqualified to opine on the effects SSR's statements have on consumers because he "has no education, experience, or expertise whatsoever concerning consumer behavior, psychology of marketing, impact of advertising, sociology, pool and spa accessory purchasers' behaviors, economics, statistics, or social anthropology." Dkt. # 108 at 20-21. However, Downey does not

---

Kinsel's report necessarily depends on the admissibility of Downey's percentage estimate, it does not alone constitute sufficient evidence to establish the last element of Secard's claim.
[3] SSR also argues it is entitled to summary judgment because Secard's claim is barred by both the statute of limitations and the equitable doctrine of laches. However, the Court notes that SSR did not assert the statute of limitations or laches as affirmative defenses in its answer and did not move the Court to amend those answers until after the close of discovery six months later. *See* Dkts. # 79, 117. SSR is therefore precluded from raising those defenses at trial. *See* Fed. R. Civ. P. 8(c); *see also Hacienda La Puente Unified School Dist. of Los Angeles v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992) ("failure to raise an affirmative defense in pleadings ordinarily waives that defense") (citing *999 v. C.I.T. Corp.*, 776 F.2d 866, 870 n.2 (9th Cir. 1985)); *see also In re Adbox, Inc.*, 488 F.3d 836, 842 n. 2 (9th Cir. 2007) (noting that Rule 8(c) lists both laches and the statute of limitations as affirmative defenses which are waived if not pled in the answer).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

purport to opine on general theories regarding psychology or consumer behavior. Rather, Downey uses his experience catering to the preferences of pool product consumers to opine on whether the promises made on SSR's website would induce those consumers to choose one competing pool product over another. Because Downey appropriately tailors his opinion to the industry and consumers with which he is experienced, disqualification is not warranted. *See United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010) (holding it is error to disqualify an expert merely because his opinions are not supported by something other than his own work experience).

SSR also challenges Downey's methodology as unreliable. *See* Dkt. # 108 at 21-22. Downey conducted discussions with swimming pool industry leaders concerning the percentage of customers who are aware of various methods to cover pools. *Downey Report* ¶¶ 59-60. From those conversations, Downey estimated that roughly twelve percent of consumers are familiar with SSR's product, while roughly one percent of consumers are familiar with Secard's product. *Id.* Downey then conducted phone and personal conversations with leaders in the swimming pool industry, people who work in swimming pool stores, mass distributors and manufacturers, industry legal counsel, pool service technicians, pool builders, buying groups and pool remodeling companies. *Id.* ¶ 63. From those conversations, Downey estimated that roughly 40% of consumers who purchased SSR's product were influenced to purchase SSR's product instead of other competing products, such as Secard's. *Id.* ¶ 62. Downey then multiplied those numbers to estimate that 3.33% of the relevant consumer population who purchased SSR's product would have purchased Secard's product instead, had it not been for SSR's allegedly misleading or false statements. *Id.* ¶ 64.

SSR argues that Downey's testimony is merely anecdotal, and is inadmissible under *Daubert* standards because Downey "fail[s] to reference any industry standards, scientific method, publications, textbooks, peer-reviewed articles or the types of accepted methodologies that the court expects in an expert report." Dkt. # 108 at 22. In *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1143 (9th Cir. 1997), however, the Ninth Circuit addressed the propriety of expert testimony based on consumer survey evidence in the context of a false advertising claim under the Lanham Act. There, the Ninth Circuit found that the district court had abused its discretion in excluding an expert's survey testimony on whether the Defendants' advertisements influenced consumers' purchasing decisions. *Id.* The Court noted that although Daubert applies "to all expert testimony, not just testimony based on novel scientific methods," survey evidence "should ordinarily be found sufficiently reliable under Daubert" because "unlike novel scientific theories, a jury should be able to determine whether asserted technical deficiencies undermine a survey's probative value." *Id.* at 1143 n. 8. Therefore, the Court noted that despite deficiencies in the study – for example, it was directed at the lay public rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV14-2417 PSG (KKx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Solar Sun Rings, Inc. v. Secard Pools, *et al.* | | |

landscape professionals; it was conducted only in Southern California; and it asked leading questions – the testimony was admissible because such deficiencies "go only to the weight, and not the admissibility, of the survey." *Id.* (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1292 (9th Cir. 1992)).

Downey's survey may indeed be technically lacking. For example, his sample size is limited and it is not entirely clear how he derives his estimates from the data he provides. At this stage, however, those technical deficiencies do not support excluding his testimony altogether. *See Obrey v. Johnson*, 400 F.3d 691, 695 (9th Cir. 2005) ("objections to a study's completeness generally go to the weight, not the admissibility, of the statistical evidence, and should be addressed by rebuttal, not exclusion"); *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002) ("objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility"). Moreover, the Court is unpersuaded that Downey's opinion must be excluded because he drew his conclusions from a relatively small sample size. *Alcantar v. Hobart Serv's*, No. ED CV 11-1600 PSG (SPx), 2013 WL 156530, at * 4 (C.D. Cal. Jan. 15, 2013) ("the fact that surveys can be used for larger populations does not diminish their efficacy as to smaller populations").

SSR is not entitled to summary judgment because Secard has offered admissible evidence as to each of the five elements of its Lanham Act claim. Conversely, Secard is not entitled to summary judgment because at the very least, there is a valid dispute regarding the materiality of SSR's alleged deception and Secard's corresponding injury.

IV.     Conclusion

For the foregoing reasons, the parties' cross-motions for summary judgment are DENIED. SSR's motion to strike Derek Downey and Stacy A. Kinsel as experts is also DENIED without prejudice. The Court will revisit the propriety of the expert testimony in addressing SSR's motion in limine No. 2 at trial. *See* Dkt. # 142.